United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEDARDO LOPEZ and MARGARITA LOPEZ, as parents of decedent MILANCA LOPEZ, and as representatives of XAVIER C., deceased,<br><br>Plaintiffs,<br><br>v.<br><br>THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, *et al.*,<br><br>Defendants. | No. C-13-2811 EMC<br><br>**ORDER DISMISSING FEDERAL CLAIMS WITH PREJUDICE AND GRANTING PLAINTIFFS' MOTION TO REMAND CASE TO STATE COURT**<br><br>**(Docket No. 39)** |

On December 10, 2013, this Court issued an order granting Defendants' motion to dismiss Plaintiffs' Title IX and Title VI claims – the only federal claims asserted in the complaint – with leave to amend. *Lopez v. Regents of the Univ. of Cal.*, No. C-13-2811 EMC, 2013 WL 6492395 (N.D. Cal. Dec. 10, 2013). In this order, the Court stated that to the extent Plaintiffs were unable to adequately allege a federal cause of action, it would be inclined to remand the state law causes of action to state court. *See id.* at *14. On January 9, 2014, Plaintiffs notified the Court that they would not be amending their federal claims[1] and requested that this Court remand the action to state

---

[1] Because Plaintiffs have declined to amend their Title IX and Title VI claims, these claims are **DISMISSED** with prejudice. *See, e.g.*, *Foster v. Wilson*, 504 F.3d 1046, 1050-52 (9th Cir. 2007) (affirming dismissal of federal claims with prejudice where plaintiffs declined to amend complaint even though district court had dismissed with leave to amend because allegations were insufficient to state a claim).

Court. Dkt. No. 39. The Court finds this matter suitable for disposition without a hearing and **GRANTS** Plaintiffs' motion for remand.

The decision to exercise supplemental jurisdiction over an action asserting solely state law claims is one within the sound discretion of the Court. *See* 28 U.S.C. § 1367(c)(3); *Peng v. Mei Chin Penghu*, 335 F.3d 970, 974 (9th Cir. 2003). In making this determination, the Court's discretion should be "informed by the values of economy, convenience, fairness, and comity." *Acri v. Varian Associates, Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997). As noted by this Court in its prior order, Courts routinely decline to exercise supplemental jurisdiction where all federal claims have been dismissed in the early stages of litigation. *See S. Cal. Painters & Allied Trades, Dist. Council No. 36 v. Rodin & Co.*, 558 F.3d 1028, 1036 (9th Cir. 2009); *see also Gini v. Las Vegas Metro. Police Dep't*, 40 F.3d 1041, 1046 (9th Cir. 1994) ("In the *usual* case in which federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state law claims." (citation and internal quotation marks omitted)).

The Court finds that the balance of the factors weighs in favor of remand. First, this case is in its early stages. The Court has only ruled on a motion to dismiss and addressed only the federal claims in granting dismissal. It has not addressed the legal issues or made factual determinations related to Plaintiffs' state law claims. Accordingly, no judicial economy would be served by retaining jurisdiction over this case.

Further, the particular facts of this case may raise novel questions of state law; at the very least, given the nature of the issues and the potential impact on the University of California and similar institutions, the Court finds it is particularly appropriate to allow the California courts the opportunity to address the state law issues raised in this case. *See, e.g.*, *Fielder v. Credit Acceptance Corp.*, 188 F.3d 1031, 1038 (8th Cir. 1999) (recognizing that "novel, complex, and *important* issues of state law" should be considered by state courts (emphasis added)).

///

///

///

Plaintiffs' motion to remand is **GRANTED**. This case is remanded to the Superior Court of California for the County of Alameda. This order disposes of Docket No. 39. The Clerk is directed to close the file in this case.

IT IS SO ORDERED.

Dated: January 27, 2014

_____
EDWARD M. CHEN
United States District Judge

3